## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DODSON INTERNATIONAL PARTS, INC.,**


       **Plaintiff,**

       **v.**

**WILLIAMS INTERNATIONAL CO., LLC,
d/b/a WILLIAMS INTERNATIONAL,**


       **Defendant.**

**Case No. 2:16-CV-02212-JAR-KGS**

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Modification of Stay Order (Doc. 23). The motion is fully briefed and the Court is prepared to rule. For the reasons set forth below, Plaintiff's motion is denied.

Plaintiff Dodson International Parts, Inc. filed this action against Defendant Williams International Company, LLC on April 4, 2016. The parties' dispute arises from Plaintiff's purchase of two aircraft engines manufactured by Defendant, and from subsequent contracts for Defendant to inspect and repair those engines. On January 31, 2017, this Court granted Defendant's Motion to Stay Litigation and Motion to Compel Arbitration, finding that the arbitration provisions of the parties' contracts were properly enforced.[1] The Court has also ordered the parties to submit periodic joint reports apprising the Court of the status of the arbitration proceedings. The parties' last joint status report, filed on December 5, 2017, advised that the arbitrator issued Pre-Hearing Order No. 1 on May 12, 2017 setting forth the schedule for

---

[1] Doc. 19.

arbitration, which is to conclude with an evidentiary hearing set to begin on June 18, 2018.[2]  As

of December 5, the parties had conducted discovery "with a few depositions left to be taken."[3]

On February 20, 2018, Plaintiff filed its Motion for Modification of Stay Order, asking

that this Court modify the stay order "to permit the parties to issue subpoenas pursuant to Rule

45 of the Federal Rules of Civil Procedure to compel witnesses to attend depositions and produce

documents."[4]  Specifically, Plaintiff wishes to compel non-parties, including non-party vendors

and several of Defendant's former employees, to attend depositions and produce documents in

advance of the evidentiary hearing.  According to Plaintiff, the arbitrator for this matter, Barbara

Mandell of Oakland County, Michigan, "has issued discovery subpoenas for testimony and

production of documents that have been or will be ignored by witnesses located in Connecticut,

Florida, Texas, Michigan, and Kansas who have important information."[5]  Plaintiff cites at least

three examples of witnesses who have refused to comply with the arbitrator's subpoenas

requiring them to appear for depositions.  Plaintiff contends that "the simple solution to this

problem is for the parties to be allowed to issue subpoenas for witness testimony and production

of documents, whether discovery or preservation of testimony, from the U.S. District Court for

the District of Kansas."[6]

Defendant argues in opposition that under the Federal Arbitration Act ("FAA"),

arbitrators can compel witnesses to attend and produce documents at hearings, but cannot compel

non-parties to attend discovery depositions or produce documents in pre-hearing discovery.

---

[2] Doc. 22 at 1.

[3] *Id.*

[4] Doc. 23-1 at 1.

[5] *Id.* at 3.

[6] *Id.*

Defendant contends that arbitrators are not vested with the full range of discovery powers that courts possess, and that it is appropriate—given the cost-saving advantages that arbitration is intended to promote—to limit third-party discovery to disclosures that can be made at a hearing before the arbitrator.  Defendant further argues that even if the Court were inclined to allow Plaintiff to "enforce" its subpoenas, Plaintiff filed its motion in the wrong district because under the FAA, any motion to compel compliance with an arbitrator's subpoena must be brought in the district court for the district in which the arbitrator sits.[7]

The parties argue at some length about the power of an arbitrator to issue subpoenas to non-parties to appear or produce documents outside the presence of the arbitrator.  Defendant points out that the Second, Third, and Ninth Circuit Courts of Appeal have ruled that § 7 of the FAA does not enable arbitrators to issue pre-hearing deposition and document subpoenas to individuals or entities that are not parties to the arbitration proceeding.[8]  Plaintiff relies on opinions to the contrary from the Sixth and Eighth Circuits in arguing that arbitrators do have that power.[9]

Ultimately, in its reply brief, Plaintiff concedes that a deponent contesting the enforceability of an arbitrator's subpoena for pre-hearing testimony and/or document production has "a bono fide argument," and that the issue of whether such subpoenas are enforceable

---

[7] Doc. 25 at 6.

[8] *Id*. at 3–4 (citing *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 212 (2d Cir. 2008); *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 708 (9th Cir. 2017); *Hay Grp., Inc. v. E.B.S. Acquisition Corp*., 360 F.3d 404, 407 (3d Cir. 2004)).

[9] Doc. 23-1 at 2–3 (citing *In re Sec. Life Ins. Co. of Am*., 228 F.3d 865, 870–71 (8th Cir. 2000); *Am. Fed. of TV and Radio Artists, AFL-CIO v. WJBK-TV*, 164 F.3d 1004, 1007 (6th Cir. 1999)).  However, in *Security Life*, the Eighth Circuit allowed the arbitrator to compel the pre-hearing production of documents where the subpoenaed party was "not a mere bystander pulled into this matter arbitrarily, but is a party to the contract that is at the root of the dispute, and is therefore integrally related to the underlying arbitration, if not an actual party." *In re Sec. Life Ins. Co. of Am.*, 228 F.3d at 871 (citation omitted).

"would wind up in the Circuit Courts of Appeal."[10]  Plaintiff argues that because litigating this issue would greatly prolong the arbitration proceeding, the Court should simply modify its stay order to permit the parties to issue subpoenas under the Federal Rules "for discovery and/or preservation of evidence."[11]  Plaintiff states that while this approach would be "novel," Plaintiff has been unable to find a case that would preclude a federal district court with jurisdiction from allowing the parties to issue third-party subpoenas under the Federal Rules while arbitration is ongoing.[12]

The Court disagrees with Plaintiff's contention that there is no authority precluding the Court from allowing the parties, rather than the arbitrator, to issue subpoenas relating to an arbitration proceeding.

> An arbitration hearing is not a court of law.  When contracting parties stipulate that disputes will be submitted to arbitration, they relinquish the right to certain procedural niceties which are normally associated with a formal trial.  One of these accoutrements is the right to pre-trial discovery.  While an arbitration panel may subpoena documents or witnesses, the litigating parties have no comparable privilege.[13]

Section 7 of the FAA provides that any witness summons "shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them."[14]  Accordingly, Pre-Hearing Order No. 1 in the parties' arbitration proceeding

---

[10] Doc. 26 at 3.

[11] *Id.*

[12] *Id.*

[13] *Burton v. Bush*, 614 F.2d 389, 390 (4th Cir. 1980) (citations omitted); *see also Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 96 (2d Cir. 2006) (disapproving of case in which district court enforced arbitration subpoena by allowing party to issue subpoena to be enforced by district court in district where non-party resided and stating that "Section 7 'explicitly confers authority only upon *arbitrators*; by necessary implication, the *parties* to an arbitration may not employ this provision to subpoena documents or witnesses.'") (quoting *NBC v. Bear Stearns & Co.*, 165 F.3d 184, 187 (2d Cir. 1999) (emphasis in original)).

[14] 9 U.S.C. § 7.

contemplates that third-party subpoenas for depositions or the production of documents are to be executed by the arbitrator.[15]  "[B]y agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'"[16]  This Court has already ordered the parties to arbitration, and Plaintiff is therefore limited to the discovery mechanisms available in the parties' arbitration proceeding.

Further, as Defendant argues, § 7 of the FAA provides that:

> The arbitrators . . . may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. . . . . **[I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators** . . . .[17]

This Court need not decide whether the language of § 7 permits the discovery Plaintiff seeks because Plaintiff has petitioned the wrong court.[18]  If Plaintiff would like to compel compliance with the arbitrator's subpoenas, Plaintiff must petition the U.S. District Court for the Eastern District of Michigan, which is the district court for the district in which the arbitrator sits.  In fact, the arbitrator's Pre-Hearing Order No. 3 states that Plaintiff has indicated that it might also

---

[15] Doc. 25-1, ¶ 9.

[16] *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 437 U.S. 614, 628 (1985)).

[17] 9 U.S.C. § 7 (emphasis added).

[18] *See Alliance Healthcare Servs., Inc. v. Argonaut Private Equity, LLC*, 804 F. Supp. 2d 808, 813 (N.D. Ill. 2011) ("FAA section 7 permits only a court in the district where the arbitration is being conducted to enforce an arbitration subpoena . . . ."); *Dynegy Midstream Servs.*, 451 F.3d at 95 (stating that where arbitrators were sitting in the Southern District of New York, "FAA Section 7 required that any enforcement action be brought there."); *Odfjell ASA v. Celanese AG*, 328 F. Supp. 2d 505, 507 (S.D.N.Y. 2004) ("Section 7 makes plain that if the arbitrators have concluded that they do possess such authority and accordingly issue subpoenae in connection therewith, it is the 'United States district court for the district in which such arbitrators, or a majority of them, are sitting' that may consider any petition to compel compliance with the subpoenae that the arbitrators have issued.").

"bring a petition in the United States District Court for the Eastern District of Michigan, the court for the jurisdiction in which this arbitration is pending, to enforce the subpoenas already issued by this Arbitration Tribunal."[19]  Thus, it appears that Plaintiff already appreciates and may be pursuing the proper avenue for attempting to compel compliance with the arbitrator's subpoenas to third parties.  Plaintiff may not also pursue discovery under the Federal Rules through this Court while bound by the Court's prior ruling ordering the parties to arbitration.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Modification of Stay Order (Doc. 23) is **denied**.

**IT IS SO ORDERED.**

Dated: March 19, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[19] Doc. 26-7 at 1.