IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DODSON INTERNATIONAL PARTS, INC.,

    Plaintiff,

    v.

WILLIAMS INTERNATIONAL CO., LLC,
d/b/a WILLIAMS INTERNATIONAL,

    Defendant.

Case No. 2:16-CV-02212-JAR-ADM

**MEMORANDUM AND ORDER**

Dodson International Parts, Inc. ("Dodson") filed case this in 2016, bringing state-law and federal claims against Williams International Co., LLC, d/b/a Williams International ("Williams"), arising from Dodson's purchase of two aircraft engines manufactured by Williams and a subsequent contract between the parties for Williams to inspect and repair the engines. The long factual and procedural history of this action has been set forth in multiple prior orders; the Court assumes the reader's familiarity with this case's history and will not repeat it here except as necessary.

Briefly, this Court granted Williams's motion to compel arbitration and stay the case in January 2017. After a long and complicated arbitration proceeding involving many discovery disputes, the Arbitrator issued her Findings of Fact and Conclusions of Law and Final Award of Arbitrator on September 24, 2019 ("Award"), resolving all claims in favor of Williams. Dodson then filed in this Court both a motion seeking reconsideration of the Court's order transferring the case to arbitration and a motion to vacate or modify the Award. Among other motions, Williams filed a motion to dismiss, which the Court construed as a motion to confirm the Award. On June 15, 2020, the Court issued a Memorandum and Order (1) denying Dodson's motion to

reconsider the Court's order compelling arbitration; (2) denying Dodson's motion to vacate or modify the Award; and (3) confirming the Arbitrator's Award.[1]

This matter is now before the Court on Dodson's Rule 59 Motion for New Trial; Altering or Amending Judgment Entered on June 15, 2020 (Doc. 68), and Williams's Motion for Leave to File a Sur-Reply to Dodson's Reply (Doc. 78). The motions are fully briefed, and the Court is prepared to rule.[2] For the reasons set forth below, both motions are denied.

## I. Williams's Motion for Leave to File Sur-Reply

"Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response, and a reply. Surreplies are not typically allowed."[3] "Leave to file a surreply is generally only granted in 'rare circumstances' such as where the movant 'improperly raises new arguments in a reply.'"[4] "Such rules are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word."[5]

As the Court has previously stated, the parties have unnecessarily complicated and prolonged these proceedings. And as it has found on at least one prior occasion, the Court again finds that Williams's proposed sur-reply does not respond to "new material." Rather, Williams' proposed sur-reply addresses new case law cited in, and exhibits attached to, Dodson's reply brief.

---

[1] Doc. 66 ("June 15 Order").

[2] Although Dodson's counsel informed Williams's counsel that Dodson opposes Williams's motion for leave to file a sur-reply, Dodson did not file a response to that motion and the deadline for doing so has passed.

[3] *COPE v. Kan. State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1238 (D. Kan. 2014) (citation omitted).

[4] *Sheldon v. Vermonty*, No. 98-2277-JWL, 2000 WL 33911222, at *3 (D. Kan. Sept. 27, 2000) (quoting *Pehr v. Rubbermaid, Inc.,* 87 F. Supp. 2d 1222, 1236 (D. Kan. 2000)), *aff'd*, 269 F.3d 1202 (10th Cir. 2001); *see also COPE*, 71 F. Supp. 3d at 1238.

[5] *Sheldon*, 2000 WL 33911222, at *3 (quoting *McShares, Inc. v. Barry,* 997 F. Supp. 1338, 1341 (D. Kan. 1997)).

Williams first argues that it requires a sur-reply because Dodson cites new case law to support its argument that the Arbitrator improperly found that it had abandoned one of the engines at issue. However, "[c]iting new cases to support legal theories already raised in a . . . motion is permissible and does not warrant a surreply."[6]

Second, Williams argues that because Dodson has attached new exhibits to its reply, Williams must file a sur-reply not to make substantive arguments regarding these exhibits, but to show that they were part of the record before the Arbitrator and, therefore, are not "new evidence" under Fed. R. Civ. P. 59. However, nowhere does Dodson contend that these exhibits were not before the Arbitrator. Rather, Dodson argues (again) that the Arbitrator abused her discretion in interpreting or by disregarding these and other exhibits. The Court finds that Williams's proposed sur-reply is improper and/or unnecessary, and therefore denies Williams leave to file it.

## II.     Dodson's Motion for New Trial or to Alter or Amend Judgment

### A.     Legal Standard

Although Dodson styles its motion as a "Rule 59" motion for a new trial and/or to alter or amend judgment, Dodson fails to address the standard for either form of relief. Under Federal Rule of Civil Procedure 59(a), a court may grant a new trial on all or some of the issues on the motion of a party "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court," or "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."[7] However, "[a]s Rule 59(a) makes clear, a motion for new trial is appropriate when the case has been tried to a jury or

---

[6] *Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, No. 16-cv-0808 KG-SMV, 2020 WL 1033172, at *1 (D.N.M. Mar. 3, 2020) (collecting cases).

[7] Fed. R. Civ. P. 59(a)(1)(A)–(B).

3

to the court. There was no trial in this case[,] so the motion cannot properly be considered a motion for new trial."[8] Because the Court did not conduct a trial in this action, it construes Dodson's "Rule 59" motion as one to alter or amend judgment under Rule 59(e).[9]

Under Fed. R. Civ. P. 59(e), the Court may alter or amend judgment on the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[10] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[11] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[12] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to alter or amend.[13] Whether to grant a motion to alter or amend is left to the Court's discretion.[14]

---

[8] *Pac. Breakwater W., Inc. v. Wellness Int'l Network, Ltd*., No. 3:97-CV-1556, 2000 WL 276812, at *1 (N.D. Tex. Mar. 9, 2000).

[9] *See, e.g., id.* (treating motion for new trial as motion to alter or amend judgment under Rule 59(e))*; Collier v. New York*, No. CV 06-02569 MMM (MANx), 2007 WL 9734356, at *2 n.15 (C.D. Cal. Nov. 6, 2007) ("Because the court did not conduct a trial in this case, it construes [Plaintiff's] motion as a motion to alter or amend judgment pursuant to Rule 59(e).") (citation omitted)). Dodson's motion was timely filed on July 13, 2020, within twenty-eight days of the Court's entry of judgment on June 15, 2020. *See* Fed. R. Civ. P. 59(e).

[10] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir 2000) (citing *Brumark Corp. v. Samson Res. Corp.* 57 F.3d 941, 948 (10th Cir. 1995)).

[11] *Id.* (citing Fed. R. App. P. 40(a)(2)).

[12] *Id*.; *see also Steel v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2810.1 (3d. ed. 2020) (footnotes omitted) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

[13] *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)); *Kestrel Holdings I, L.L.C. v. Learjet Inc*., No. 02-2388-CM, 2006 WL 2575719, at *2 (D. Kan. Mar. 20, 2006).

[14] *Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Ins. Corp*., 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Practices Litig*., 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)); *Kestrel Holdings I, L.L.C.*, 2006 WL 2575719, at *2.

### B. Discussion

Dodson argues, as it did in its motion for reconsideration of the Court's order compelling arbitration and in its motion to vacate or modify the Award, that it did not receive a full and fair hearing before the Arbitrator. Dodson makes only passing reference to Rule 59 in the opening and closing paragraphs of its motion to alter or amend, contending that its motion is proper

> to highlight some of the evidence in the record that may have been overlooked and to provide evidence from the arbitration record and otherwise available that supports Dodson's position that it did not receive a full and fair hearing and did not have the opportunity to present relevant and material evidence.[15]

Dodson requests that this Court grant it an evidentiary hearing, amend its prior order declining to vacate or modify the Award, and "remand" the case for determination of the proper forum for the rehearing of Dodson's claims relating to maintenance performed on the engines and the disposition of collateral claims.[16]

Dodson's argument regarding the lack of a fundamentally fair arbitration hearing is one that the Court has already addressed at great length. As set forth in the Court's June 15 Order, the Arbitrator's Award is entitled to extreme deference, with the standard for review being "among the narrowest known to law."[17] Arbitral awards "cannot be upset except under exceptional circumstances."[18] In accordance with this deferential standard of review, the Court found that Dodson had failed to establish a basis for vacatur or modification of the Award under 9 U.S.C. §§ 10 or 11, respectively.

---

[15] Doc. 69 at 1.

[16] *Id.* at 14.

[17] *Mid Atl. Corp. v. Bien*, 956 F.3d 1182, 1189 (10th Cir. 2020) (quoting *THI of N.M. at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1083 (10th Cir. 2017)); *see also Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 935 (10th Cir. 2001).

[18] *Mid Atl. Corp.*, 956 F.3d at 1189 (alteration in original) (quoting *Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Okla.*, 636 F.3d 562, 567 (10th Cir. 2010)).

Dodson asks this Court to reconsider whether the Arbitrator committed misconduct or showed evident partiality in her Award, particularly with regard to her findings as to the relevancy and materiality of certain third-party discovery Dodson unsuccessfully sought during the course of the arbitration proceeding.  Dodson also contends that this Court should alter or amend its judgment because the Arbitrator exceeded her authority by making unsupported findings about Dodson's abandonment of one of the engines at issue, and by failing to require Williams to return that engine to Dodson.  What Dodson fails to do is justify the relief it seeks within the context of Rule 59.

Between its memorandum and reply in support of its motion to alter or amend, Dodson makes thirty-one pages of detailed factual arguments regarding evidence of record that the Arbitrator misinterpreted or failed to consider.  Dodson reiterates many arguments that the Court has already addressed and, to the extent that it relies on new facts or arguments, does not explain why they could not have been raised earlier.  Critically, nowhere does Dodson articulate a basis for relief under Rule 59(e) in the form of an intervening change in controlling law, the availability of new evidence, or clear error in the Court's prior ruling.  Nor does Dodson cite legal authority to justify relief under Rule 59(e).  Rather, in support of its contention that the Court must alter or amend its judgment to prevent manifest injustice, Dodson protests that "[i]t should not be assumed that a single Arbitrator, acting without the benefit of law clerks and a technical background concerning aircraft engines, understood or considered the large volume of technical testimony and evidence in the record of this case."[19]  This is not a proper basis for relief under Rule 59.

---

[19] Doc. 74 at 1.

6

The Court was required to extend great deference to the Arbitrator's Award in its June 15 Order, yet Dodson's motion essentially amounts to an unsupported request for a do-over of this entire proceeding. After having expended a great deal of time and resources in considering Dodson's prior request for vacatur or modification of the Award, the Court will not repeat that effort here in the absence of legal argument fitting within the confines of Rule 59. If Dodson wishes to file an appeal, it of course has the right to do so.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Williams's Motion for Leave to File a Sur-Reply to Dodson's Reply (Doc. 78) is **denied,** and Plaintiff Dodson's Rule 59 Motion for New Trial; Altering or Amending Judgment Entered on June 15, 2020 (Doc. 68) is also **denied.**

**IT IS SO ORDERED.**

Dated: August 19, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
